
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2002 JAN 16 PM 4:37
JAN 16 2002
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ARABELLA BUS BARN, L.L.C., ROGER OGDEN and DARRYL BERGER | * | CIVIL ACTION |
| | * | NO. 01-3806 |
| VERSUS | | |
| | * | SECTION "K" |
| WHOLE FOODS MARKET, INC., WHOLE FOODS MARKET SOUTHWEST, L.P., | * | MAG. DIV. (5) |
| SARPY PROPERTIES, L.L.C., SPECIALTY REALTY DEVELOPMENT, L.L.C. | * | |
| and ARABELLA STATION, L.L.C. | | |

* * * * * * * * *

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANTS WHOLE FOODS MARKET, INC. AND WHOLE FOODS MARKET SOUTHWEST, L.P. TO PETITION FOR DAMAGES

Defendants Whole Foods Market, Inc. and Whole Foods Market Southwest, L.P. (collectively, "Whole Foods"), by their undersigned attorneys, state the following as their answer and affirmative defenses to plaintiffs' Petition for Damages:

1.

Whole Foods lacks knowledge or information sufficient to admit or deny the allegations of paragraph 1.

2.

Whole Foods lacks knowledge or information sufficient to admit or deny the allegations of paragraph 2.

3.

Whole Foods lacks knowledge or information sufficient to admit or deny the allegations of paragraph 3.

4.

Whole Foods admits that Whole Foods Market, Inc. is a Texas corporation. Whole Foods denies the remaining allegations of paragraph 4.

5.

Whole Foods admits that Whole Foods Market Southwest, L.P. is a Texas limited partnership. Whole Foods denies the remaining allegations of paragraph 5.

6.

Whole Foods lacks knowledge or information sufficient to admit or deny the allegations of paragraph 6.

7.

Whole Foods lacks knowledge or information sufficient to admit or deny the allegations of paragraph 7.

8.

Whole Foods admits the allegations of paragraph 8.

**Factual Allegations**

9.

Whole Foods admits that at some point in time, the RTA owned the Bus Barn. Whole Foods lacks knowledge or information sufficient to admit or deny whether the RTA is the current owner of the Bus Barn.

10.

Whole Foods admits the allegations of paragraph 10.

11.

Whole Foods admits that Darryl Berger and Roger Ogden pursued the acquisition and development of the Bus Barn. Whole Foods lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 11.

12.

Whole Foods admits the allegations of paragraph 12.

13.

Whole Foods admits that the allegations of paragraph 13.

14.

Whole Foods admits that in 1997, it operated one store in New Orleans, that it expressed an interest in opening a new store in the uptown market, and that it considered the Bus Barn as a potential store location. Whole Foods denies any remaining allegations of paragraph 14.

15.

Whole Foods admits that it worked with the Arabella Bus Barn Group on the Bus Barn development. Whole Foods denies any remaining allegations of paragraph 15.

16.

Whole Foods admits that it sent a March 2, 1998 Letter of Intent to the Bus Barn Group relating to the operation of a Whole Foods grocery store and that the letter followed a series of discussions between the parties. Whole Foods denies any remaining allegations of paragraph 16.

17.

Whole Foods admits that the parties modified the terms of the March 2, 1998 Letter of Agreement pursuant to a March 9, 1998 Letter of Intent. Whole Foods denies that paragraph 17 of plaintiffs' petition accurately characterizes the terms of the March 9, 1998 Letter of Intent. Whole Foods further states that a true and correct copy of the March 9, 1998 Letter of Intent is attached hereto as **Exhibit A** and that as set forth in the March 9, 1998 Letter of Intent, the parties' agreement expired by its own terms no later than March 9, 2000.

18.

Whole Foods admits the allegations of paragraph 18.

19.

Whole Foods lacks knowledge or information sufficient to admit or deny the allegations of paragraph 19.

20.

Whole Foods admits that it was advised of and involved in some of the activities of the Arabella Bus Barn Group in its pursuit of the Bus Barn Development and that Whole Foods conducted several site visits. Whole Foods denies the remaining allegations of paragraph 20.

21.

Whole Foods admits that the RTA issued a request for proposals. Whole Foods lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 21.

22.

Whole Foods lacks knowledge or information sufficient to admit or deny the allegations of paragraph 22.

23.

Whole Foods admits that it sent the referenced letter, the terms of which speak for themselves. Whole Foods denies the remaining allegations of paragraph 23.

24.

Whole Foods admits that the Arabella Bus Barn Group's proposal included Whole Foods as its anchor tenant. Whole Foods lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 24.

25.

Whole Foods lacks knowledge or information sufficient to admit or deny the allegations of paragraph 25.

26.

Whole Foods lacks knowledge or information sufficient to admit or deny the allegations of paragraph 26.

27.

Whole Foods admits that the RTA did not negotiate with the Arabella Bus Barn Group and that the RTA selected the Sarpy Group for the development of the Bus Barn. Whole Foods lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 27.

28.

Whole Foods lacks knowledge or information sufficient to admit or deny the allegations of paragraph 28.

29.

Whole Foods denies the allegations of paragraph 29.

30.

Whole Foods admits that, at the request of the Arabella Bus Barn Group, it sent the Arabella Bus Barn Group a fax letter, which was written by plaintiffs, dated August 2, 2000. Whole Foods denies the remaining allegations of paragraph 30.

31.

Whole Foods denies the allegations of paragraph 31.

32.

Whole Foods admits that in July 2000, it did not respond to an inquiry from the Sarpy Group and that prior to October 2000, it turned down opportunities to work with other parties. Whole Foods lacks knowledge or information as to (a) the substance of any conversations between Mr. Lurie and Mr. Ogden, and (b) whether the Arabella Bus Barn Group turned down opportunities to work with other parties. The remaining allegations of paragraph 32 are denied.

33.

Whole Foods admits that Mr. Pine contacted Mr. Ogden by telephone and that Whole Foods was concerned about a competitor opening a store at the Bus Barn development. Whole Foods denies the remaining allegations of paragraph 33.

34.

Whole Foods admits that Mr. Pine and Mr. Ogden discussed the payment of fees. Whole Foods denies the remaining allegations of paragraph 34.

35.

Whole Foods denies the allegations of paragraph 35.

36.

Whole Foods denies the allegations of paragraph 36.

37.

Whole Foods denies the allegations of paragraph 37.

38.

Whole Foods denies the allegations of paragraph 38.

39.

Whole Foods denies the allegations of paragraph 39.

40.

Whole Foods denies the allegations of paragraph 40.

41.

Whole Foods admits that Whole Foods Market Southwest, L.P. entered into a lease for premises at the Bus Barn and that a copy of the lease is attached to plaintiffs' petition as Exhibit A. Whole Foods denies the remaining allegations of paragraph 41.

42.

Whole Foods denies the allegations of paragraph 42

43.

Whole Foods Market Southwest, L.P. admits that it is a tenant. Whole Foods lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 43.

44.

Whole Foods admits that in May 2001, Whole Foods Market Southwest, L.P. entered into a lease with the Arabella Station, L.L.C. Whole Foods lacks knowledge or information sufficient to admit or deny the remaining allegations of paragraph 44.

45.

Whole Foods lacks knowledge or information sufficient to admit or deny the allegations of paragraph 45.

46.

Whole Foods denies the allegations of paragraph 46.

Count I

(Breach of Contract)

47.

Whole Foods incorporates its answers to paragraphs 1-46 as its answer to paragraph 47.

48.

Whole Foods denies the allegations of paragraph 48.

49.

Whole Foods denies the allegations of paragraph 49.

## Count II
### (Detrimental Reliance)

50.

Whole Foods incorporates its answers to paragraphs 1-49 as its answer to paragraph 50.

51.

Whole Foods denies the allegations of paragraph 51.

52.

Whole Foods denies the allegations of paragraph 52.

## Count III

### (Interference With Contractual Relations)

53.

Whole Foods incorporates its answers to paragraphs 1-52 as its answer to paragraph 53.

54.

Whole Foods denies the allegations of paragraph 54.

## Count IV

### (Unfair Trade Practices)

55.

Whole Foods incorporates its answers to paragraphs 1-54 as its answer to paragraph 55.

56.

Whole Foods denies the allegations of paragraph 56.

57.

Whole Foods denies the allegations of paragraph 57.

**Count V**
**(Unjust Enrichment)**

58.

Whole Foods incorporates its answers to paragraphs 1-57 as its answer to paragraph 58.

59.

Whole Foods denies the allegations of paragraph 59.

60.

Whole Foods denies that Arabella Bus Barn Group has a claim for unjust enrichment. Whole Foods lacks knowledge or information sufficient to admit or deny any remaining allegations of paragraph 60.

<u>**Count VI**</u>

**(Damages)**

61.

Whole Foods incorporates its answers to paragraphs 1-60 as its answer to paragraph 61.

62.

Whole Foods denies the allegations of paragraph 62.

63.

Whole Foods denies the allegations of paragraph 63.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' petition fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred by a failure of a condition because the RTA rejected plaintiffs' proposal to acquire the Bus Barn site.

**THIRD AFFIRMATIVE DEFENSE**

To the extent plaintiffs' claims arise out of the August 2, 2000 letter, plaintiffs claims are barred by a failure of consideration for any promises made therein.

WHEREFORE, defendants Whole Foods Market, Inc. and Whole Foods Market Southwest, L.P. deny that plaintiffs are entitled to any of the relief requested, request that the

Court enter judgment in their favor and against plaintiffs, and request that the Court grant such other and further relief as it deems just.

Respectfully submitted,

*[signature]*

Robert L. Redfearn, Jr. (#17106)
SIMON, PERAGINE, SMITH & REDFEARN, LLP
30th Floor, Energy Centre
1100 Poydras Street
New Orleans, LA 70163-3000
Telephone: 504/569-2030
Telecopier: 504/569-2999

OF COUNSEL:

Norman Berger
Harold B. Hilborn
Varga, Berger, Ledsky, Hayes & Casey
Sante Fe Building
224 So. Michigan Ave., Suite 350
Chicago, Illinois 60604-2507

Attorneys for Whole Foods Market, Inc. and Whole Foods Market Southwest, L.P.

January 16, 2002

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Pleading has been duly served on all known counsel of record by placing a copy of same in the United States mail, first class postage prepaid and properly addressed, on this 16th day of January, 2002.

*[signature]*